IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>WALTER CRUZ-ZAVALA, *et al*.<br><br>    Defendants.<br>                                    / | No. CR 08-0730 WHA<br><br>**ORDER DENYING MOTION TO STRIKE TESTIMONY RE ALFREDO INCIDENT** |

Defendant Walter Cruz-Zavala moves to strike Witness Walter Palma's testimony regarding the "Alfredo" incident on Rule 403 and notice grounds (Dkt. No. 4298). For the reasons stated herein, the motion is **DENIED**.

On May 23, Witness Palma testified that he borrowed a .380-caliber firearm from Defendant Cruz-Zavala to resolve a personal disagreement with a man named "Alfredo" (Tr. 7229). Witness Palma ultimately shot Alfredo with the firearm. The firearm was stored at Defendant Cruz-Zavala's residence and Witness Palma retrieved the firearm from Defendant Cruz-Zavala, but the firearm "belonged" to Edwin Ramos, a fellow MS-13 gang member. At the time the testimony was received, the Court instructed the jury that the incident was only to be considered to evaluate Witness Palma's credibility. The Court, however, noted that the proper use of the evidence may be expanded after further consideration (Tr. 7230, 7245, 7251).

After consideration of the record and the parties' further submissions, this order finds that the testimony may be considered against all defendants for the conspiracy counts and

against Defendant Cruz-Zavala for Count Four.* *First*, although the motion asserts that Defendant Cruz-Zavala did not have prior notice of the instance of possession, it was in fact noticed over a year ago in the government's first bill of particulars. The bill of particulars alleged that Defendant Cruz-Zavala "possessed a .380 caliber handgun in or about April and May 2008" (Dkt. No. 1655 at 12). This provided adequate notice of the incident.

*Second*, the incident has probative value that is not outweighed by unfair prejudice. In the proper context, the incident tends to prove that Defendant Cruz-Zavala was stashing "gang" firearms and giving them to his coconspirators when requested. The record to-date indicates that the .380-caliber firearm may have also been used by Defendant Jonathan Cruz-Ramirez in the "Patas" homicide and may have been used by another MS-13 gang member during the shooting at 20th and Bryant Streets. This is supportive evidence of the government's theory that the gang maintained a "firearms library" that could be accessed by all members. The incident also provides evidence of the matter, means, nature and scope of the charged conspiracies. Rule 403 does not require that the incident be excluded. The jury will be allowed to consider the incident against all defendants for the conspiracy counts and against Defendant Cruz-Zavala for Count Four.

Dated: June 7, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

\* Some oral argument on the issue was heard on May 23. After submission of written briefing, however, the parties submitted the matter on the papers.

2